■ In the Matter of DANIEL H. BARBER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [901 NYS2d 877]—

Per Curiam. Respondent was admitted to practice by this Court in 2004. He was admitted to the Connecticut bar in 2004 and maintained his office in Connecticut.

By order dated January 11, 2010, the Superior Court for Connecticut, Stamford/Norwalk Judicial District, suspended respondent from the practice of law for 90 days commencing February 1, 2010 for various violations of the Connecticut Rules of Professional Conduct. In the Connecticut proceeding, respondent stipulated to facts demonstrating that he failed in his duty to safeguard client funds, in his responsibility to properly supervise a nonlawyer assistant, and in his responsibility concerning IOLTA accounts.

Petitioner now moves for an order imposing discipline upon respondent pursuant to this Court's rules (see 22 NYCRR 806.19). Respondent has filed a letter in mitigation that we conclude does not establish any of the available defenses to the imposition of discipline (see 22 NYCRR 806.19 [d]), and we therefore grant petitioner's motion. Having considered the conduct that gave rise to respondent's discipline in Connecticut and taking into consideration the discipline imposed in that jurisdiction, we suspend respondent from the practice of law for a period of 90 days, effective immediately.

Peters, J.P., Rose, Stein, Garry and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of 90 days, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that

respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).