## State of New York
## Supreme Court, Appellate Division

Decided and Entered:  November 10, 2016        D-63-16
_____

In the Matter of MARK EDELSTEIN,
   an Attorney.

(Attorney Registration No. 4645438)
_____

MEMORANDUM AND ORDER
ON MOTION

Calendar Date:  October 11, 2016

Before:  Egan, J.P., Rose, Devine, Clark and Mulvey, JJ.

_____

   Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.

   Mark Edelstein, Altus, Oklahoma, respondent pro se.

_____

Per Curiam.

   Respondent is a resident of Oklahoma who was admitted to practice by this Court in 2008.  He was previously admitted to practice in New Jersey in 2007.

   By order filed January 13, 2016, respondent was suspended from the practice of law for three months by the Supreme Court of New Jersey due to stipulated findings that he had, among other misconduct, failed to properly supervise a nonlawyer employee who had misappropriated client funds and had made misrepresentations concerning his partnership in a New Jersey law firm (Matter of Edelstein, 224 NJ 31, 128 A3d 692 [2016]).  The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now moves to impose discipline upon respondent in this state based upon the discipline imposed in New Jersey (see Uniform Rules for Attorney Disciplinary Matters [22

NYCRR] § 1240.13). Respondent filed opposition to AGC's motion in which he contends, among other things, that he did not receive due process in the New Jersey disciplinary proceedings against him (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1]; [c]), to which response AGC has replied.

Upon consideration of the facts, circumstances and record before us, we conclude that respondent has not demonstrated that he was deprived of due process in the New Jersey disciplinary proceedings. Contrary to respondent's assertion, a review of the disciplinary stipulation that he entered into with the New Jersey Office of Attorney Ethics clearly establishes that it was not conditioned on the imposition of a censure. The stipulation unequivocally provided that, upon execution, the matter would proceed directly to the Disciplinary Board of the Supreme Court of New Jersey for the sole purpose of determining the extent of final discipline to be imposed. Respondent was then provided with an opportunity to present relevant and material evidence in mitigation and, rather than proceed in such a manner, he elected to execute a written waiver wherein he waived oral argument before the Disciplinary Board and agreed to the conclusions and recommendations of the trier of fact. Accordingly, we find respondent's due process claim to be unpersuasive and grant AGC's motion.

Turning to the appropriate discipline to be imposed, in consideration of the facts and circumstances presented, the discipline imposed in New Jersey and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we hold that respondent should be suspended from the practice of law in this state for a period of three months, effective immediately (see Matter of Barber, 74 AD3d 1565, 1565 [2010]; see generally Uniform Rules of Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).

Egan, J.P., Rose, Devine, Clark and Mulvey, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent is suspended from the practice of law for a period of three months, effective immediately, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court