■ In the Matter of MARK EDELSTEIN, a Suspended Attorney. [56 NYS3d 356]—

Per Curiam. Respondent is a California resident who was admitted to practice by this Court in 2008 after previously being admitted in New Jersey in 2007.

In February 2016, respondent was suspended from the practice of law for a period of three months by the Supreme Court of New Jersey due to stipulated findings of fact that he had, among other misconduct, failed to properly supervise a nonlawyer employee who had misappropriated client funds and had made misrepresentations concerning his partnership in a New Jersey law firm (*Matter of Edelstein*, 224 NJ 31, 128 A3d 692 [2016]). Upon the motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), this Court thereafter suspended respondent from the practice of law for a period of three months due to the discipline imposed upon him in New Jersey (144 AD3d 1311 [2016]). Respondent now moves for reinstatement by motion marked returnable April 3, 2017 (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). AGC opposes respondent's motion for reinstatement.

An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Here, respondent has indicated, in conclusory terms, that he has no intention of applying for reinstatement to the practice of law in his former home jurisdiction of New Jersey, and he has acknowledged that he is still in the process of making restitution to his aggrieved client in that state. We also note that respondent has recently relocated to California. The motion, however, fails to provide any information concern-

ing respondent's intentions or future plans should he be granted reinstatement to the practice of law in this state. Absent such a showing, and in consideration of his continued suspended status in New Jersey and his outstanding restitution obligations therein, we find that respondent has failed to establish, by clear and convincing evidence, how his reinstatement would serve the public interest (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, the motion is denied.

Egan Jr., J.P., Rose, Devine, Clark and Mulvey, JJ., concur. Ordered that respondent's motion for reinstatement is denied.