Matter of Attorneys In Violation of Judiciary Law § 468-a. (Enriquez) (2017 NY Slip Op 05662)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Enriquez)


2017 NY Slip Op 05662


Decided on July 13, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 13, 2017


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MIGUEL ENRIQUEZ, Respondent. (Attorney Registration No. 4155149)

Calendar Date: May 30, 2017

Before: Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Miguel Enriquez, Uster, Switzerland, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 2003 and lists a business address in Uster, Switzerland with the Office of Court Administration. By 2014 order, this Court suspended respondent from the practice of law in New York due to conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements
of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1055 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). By correspondence to this Court, respondent has requested his reinstatement (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, by correspondence from its Chief Attorney, petitioner objects to respondent's request.
In addition to other requirements (see Matter of Edelstein, 150 AD3d 1531 [2017]; [*2]Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), an applicant for reinstatement must, as a threshold matter, support his or her application with certain required documentation (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Here, respondent failed to submit a sworn affidavit as has been consistently required by this Court and is now mandated by the Uniform Rules for Attorney Disciplinary Matters [FN1]. Further, the statements provided in respondent's correspondence are unsworn, not executed before a notary or other officer and give no assurance that they were made in contemplation of their legal significance (see Matter of Lee, 148 AD3d 1454 [2017]). Accordingly, under the circumstances presented, we cannot excuse the defects in respondent's application, and it must therefore be denied (see id.).
Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.



Footnotes

Footnote 1: Respondent has not answered correspondence from petitioner notifying him of the deficiencies in his application.