Matter of Canale (2018 NY Slip Op 04819)





Matter of Canale


2018 NY Slip Op 04819


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of JEFFREY T. CANALE, Now Known as JEFFREY T. LaCROIX, a Disbarred Attorney. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; JEFFREY T. CANALE, Now Known as JEFFREY T. LaCROIX, Respondent. (Attorney Registration No. 1896992)

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Lynch, Mulvey, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Gregory V. Canale, Queensbury, for respondent.



Per Curiam
MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1984 and formerly maintained an office for the practice of law in the City of Glens Falls, Warren County. By July 1999 order, this Court struck respondent's name from the roll of attorneys based upon his June 1999 guilty plea in Warren County Court to two counts of attempted criminal possession of a forged instrument in the second degree, a class D felony, which conviction had resulted in his disbarment by operation of law (263 AD2d 869 [1999]; see Penal Law § 170.25). Respondent now moves for his reinstatement to the practice of law (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner opposes the motion. Pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 [*2](a) (5), we referred respondent's application for reinstatement to a subcommittee of the Committee on Character and Fitness for a recorded interview of respondent and report to the Court. The subcommittee conducted respondent's interview in April 2018 and subsequently issued its report recommending that his application be denied.
As an initial matter, we find that respondent has met his threshold burden on his reinstatement application through his submission of the required documentation in support of his application, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). Moreover, respondent's application sufficiently demonstrates his compliance with the provisions of the order of disbarment and this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.9; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
We recognize that respondent's application for reinstatement raises significant concerns regarding his character and fitness to resume the practice of law. While respondent's disciplinary history is remote in time, it is significant, and his serious and persistent criminal history cannot be easily dismissed. However, respondent's criminal history and misconduct largely stemmed from the serious substance abuse and alcoholism that plagued him for over 20 years following his admission to the practice of law. Moreover, respondent has admitted that he has been diagnosed with a mental health disorder, which was improperly treated prior to him having achieved sobriety in December 2007.
We note that the sanction of disbarment is not permanent in our state (compare NJ Rules of Court, rule 1:20-15A [a] [1]), and even those attorneys who have committed serious misconduct and suffered from substance abuse and alcoholism may be eligible for reinstatement upon the proper showing pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. Importantly, each inquiry as to whether a respondent has demonstrated the requisite character and fitness to resume the practice of law following his or her disbarment is fact-specific and takes into consideration the respondent's conduct that followed the order of disbarment (see Matter of Leo, 28 NY3d 360, 365 [2016]). We find that the representations in respondent's application materials and interview with the subcommittee demonstrate his contrition for his past actions and his commitment to reforming his life and becoming a productive member of society. Respondent has achieved over 10 years of sobriety and presents as a very different person than the one who was disbarred in 1999. He has taken initiative by entering and complying with a voluntary substance abuse monitoring program, and dedicated himself to helping others who have suffered through the same challenges with substance abuse and alcoholism. For these reasons, we find that respondent has demonstrated by clear and convincing evidence that he has the requisite character and fitness to resume the practice of law (see Matter of Herzog, 145 AD3d 1315, 1316 [2016]).
We also believe that his stated intention to work with those vulnerable populations in Florida will provide an important tangible public benefit (compare Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Although respondent's past provides reason for pause, we believe that his actions since achieving his sobriety have provided sufficient assurances that his reinstatement would not be a detriment to the public. Accordingly, respondent has demonstrated that his reinstatement would be in the public interest (compare Matter of Edelstein, 150 AD3d 1531, 1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Because of [*3]respondent's past substance abuse and alcoholism, however, we believe that certain conditions must be attached to his reinstatement in order to safeguard the public. Accordingly, we reinstate respondent to the practice of law in accordance with the conditions provided for in this order.
McCarthy, J.P., Lynch, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be conditioned upon the following requirements: (1) respondent shall maintain his sobriety; (2) respondent shall not consume alcohol of any kind or amount; (3) respondent shall, until further order of this Court, continue his participation at his own cost in his current attorney monitoring program administered through Florida Lawyers Assistance, Inc., which shall include his attendance with attorney support groups, regular and continuing mental health and substance abuse counseling with his current provider; Florida Lawyers Assistance, Inc. shall ensure that petitioner receives quarterly reports, assessing his continuing capacity to practice law based upon his treatment provider's evaluation; should respondent need to substitute a different provider in the future, such substitution may only be had upon petitioner's consent or upon order of this Court; (4) respondent shall continue complying with random urine testing to monitor his sobriety through Florida Lawyer's Assistance, Inc., and respondent shall ensure that the results of such testing shall be duly transmitted and/or reported to petitioner by the testing facility on a quarterly basis until further order of this Court; (5) should respondent relocate to a different jurisdiction, respondent may seek to substitute a different substance abuse monitoring program that provides substantially similar services only upon petitioner's consent or upon order of this Court; (6) respondent shall complete 30 hours of continuing legal education, six credit hours of which shall be in ethics and professionalism, and provide petitioner with copies of certificates reflecting same within 90 days of the date of entry of this order; (7) respondent shall not engage in the solo practice of law prior to July 5, 2020; and (8) respondent shall cure any registration delinquency with the Office of Court Administration and provide petitioner with proof of his registration within 30 days of the date of this order; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.