Matter of Couloute (2019 NY Slip Op 06683)





Matter of Couloute


2019 NY Slip Op 06683


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

PM-135-19

[*1]In the Matter of Matthew Couloute Jr., a Suspended Attorney. (Attorney Registration No. 3905718)

Calendar Date: September 3, 2019

Before: Lynch, J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Matthew Couloute Jr., Cumming, Georgia, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2000 after previously being admitted in Connecticut. He currently lists a business address in Georgia, but is not admitted to practice in that state. In 2015, Connecticut disciplinary authorities commenced a proceeding against respondent stemming from a private censure that he had received from the United States District Court for the District of Connecticut. During the course of the investigation in Connecticut, additional allegations of misconduct against respondent came to light involving nine additional clients. Respondent thereafter consented to the imposition of discipline, and the Superior Court of Connecticut for the Judicial District of Hartford suspended respondent for an 11-month term, with all but five months of the suspension stayed, and additional conditions including a two-year probationary term. Consequently, upon the motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), this Court suspended respondent for a five-month term based upon his misconduct in Connecticut, making the suspension effective nunc pro tunc to January 11, 2016, the date that his Connecticut suspension commenced (174 AD3d 1031 [2019]). He now applies for his reinstatement, and AGC has submitted correspondence stating that it defers to this Court's discretion on respondent's application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b]).
As an initial matter, respondent has properly submitted a duly sworn affidavit in the form provided in appendix D to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Matter of Jing Tan, 164 AD3d 1515, 1517-1518 [2018]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). Respondent has also submitted a timely affidavit of compliance attesting to his compliance with the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). Based on these submissions, we find that respondent has established by clear and convincing evidence that he has complied with the order of suspension and turn to the remaining inquiries concerning his character and fitness and the public's interest in his reinstatement (see Matter of Njogu, ___ AD3d ___, ___, 104 NYS3d 797, 799 [2019]).
We find that respondent has established, by clear and convincing evidence, that he has the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]). As part of his application, respondent attests to having not been the subject of any disciplinary or criminal proceedings since the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix D, ¶¶ 10, 14). Further, we note that respondent has been reinstated to practice in Connecticut and has successfully completed his two-year probationary term in that state, which required him to, among other things, have a practice monitor during his probationary period and complete 15 additional credit hours of continuing legal education. Finally, we find that respondent's reinstatement will be in the public interest (compare Matter of Edelstein, 150 AD3d 1531, 1532 [2017]). We therefore grant respondent's application and reinstate him to the practice of law.
Lynch, J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's application for reinstatement is granted; and is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.