Matter of Ostuni (2023 NY Slip Op 00470)

Matter of Ostuni

2023 NY Slip Op 00470

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

PM-12-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Nicholas Ostuni, Respondent. (Attorney Registration No. 2807725.)

Calendar Date:October 17, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Nicholas Ostuni, Oradell, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1997 and is also admitted to practice in his home state of New Jersey, where he serves as Senior Assistant Prosecutor for the Bergen County Prosecutor's Office. Respondent was suspended from practice by September 2009 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 1999 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1471 [3d Dept 2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in July 2022 and now applies for reinstatement by motion made returnable October 17, 2022, with supplemental materials filed with this Court on October 7, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the motion by October 13, 2022 correspondence, objecting to respondent's reinstatement.[FN1]
Here, as respondent has been suspended for approximately 13 years at the time of his filing for reinstatement, he appropriately completed an affidavit pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]).[FN2]
As respondent concedes, he has not provided proof of his successful completion of the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to the date of his application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). In respondent's supplemental affidavit, however, he requests a waiver as to this requirement, noting his completion of various continuing legal education (hereinafter CLE) credits and his exemption from CLE accreditation in this state as a nonpracticing New York attorney. It is well settled that "an applicant must demonstrate good cause for the waiver, which standard may be satisfied by providing assurances that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d 1375, 1376 [3d Dept 2021] [internal quotation marks and citation omitted]). To that end " 'proof of analogous professional responsibility course work or retraining in the attorney's home jurisdiction might, under the proper circumstances, justify a waiver' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1280 [3d Dept 2020], quoting Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]). As such, we conclude that a waiver of the MPRE is appropriate given respondent's completion of CLE credits, practice of law outside of this state's jurisdiction and lack of disciplinary history (see Matter of Attorneys in Violation of Judiciary Law[*2]§ 468-a [Callier], 192 AD3d at 1376).
As to the merits of respondent's application, " '[a]n attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d 1307, ___, ___, 179 NYS3d 498, 500-501 [3d Dept 2022], quoting Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]). Respondent attests he has not engaged in the practice of law in any form in New York, has not accepted any new retainer or otherwise agreed to represent any legal client in New York or solicited or procured legal business for any attorney in New York. Although respondent failed to file an affidavit of compliance following our order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, Appendix C, ¶ 21), respondent cured this defect by including statements in his affidavit to similar effect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d 1247, 1249 [3d Dept 2021]). As such, respondent has established, by clear and convincing evidence, that he has complied with the order of suspension (Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1514 [3d Dept 2017]; see Matter of Edelstein, 150 AD3d at 1531).
Turning to respondent's character and fitness and the public's interest in his reinstatement, respondent is in good standing in New Jersey, the only other jurisdiction in which he avers he practices law. Respondent attests that he has not been subject to any other professional discipline in any other court or jurisdiction. Moreover, his submissions, "combined with the nature of the misconduct giving rise to his suspension, demonstrate that he possesses the requisite character and fitness for the practice of law and it would be in the public's best interest to reinstate him" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 179 NYS3d at 501; see Matter of Attorneys in Violation of Judiciary Law §468-a [Menar], 185 AD3d 1200, 1202 [3d Dept 2020]).
Garry, P.J., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the motion for reinstatement by respondent is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has no objection to respondent's reinstatement and defers to this Court's discretion as to the disposition of his motion.

Footnote 2:The bar is remined that this Court's recently amended rules govern this procedure for applications filed after September 1, 2022 wherein the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [eff. Sep. 1, 2022]).