Matter of Daigle (2024 NY Slip Op 00219)

Matter of Daigle

2024 NY Slip Op 00219

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

PM-04-24
[*1]In the Matter of Ronald Leonard Daigle Jr., a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Ronald Leonard Daigle Jr., Respondent. (Attorney Registration No. 4552733.)

Calendar Date:December 4, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Peter V. Coffey, Schenectady, for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2008 and most recently maintained a law office in the Village of Granville, Washington County. In February 2017, petitioner commenced this proceeding alleging seven charges of professional misconduct arising from respondent's handling of an estate matter. Following joinder of issue and a hearing before a Referee, we sustained five of the 11 specifications of misconduct against respondent and suspended him from practice for a one-year term by June 2018 order (see Matter of Daigle, 162 AD3d 1390 [3d Dept 2018]). Respondent has now moved for his reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), petitioner has opposed the motion and respondent was heard in reply. Upon our initial review, we referred the matter to a Character and Fitness subcommittee for hearing and report (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]). The subcommittee has recommended that respondent's application for reinstatement be denied and the parties have been heard in comment on the report of the subcommittee.
As a preliminary matter, we conclude that respondent has met his threshold procedural burden by submitting the required documentation in support of his application for reinstatement, including submission of an affidavit consistent with Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [d]), and proof of his successful completion of the Multistate Professional Responsibility Exam within one year prior to his application for reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶34). Nonetheless, upon our review of, among other things, respondent's testimony before the subcommittee, as well as the subcommittee's report and recommendation, we conclude that respondent has not shown by clear and convincing evidence that he possesses the required character and fitness to resume the practice of law in New York, or how his reinstatement would serve the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). As such, respondent's application for reinstatement must be denied (see Matter of Watson, 188 AD3d 1437, 1438 [3d Dept 2020]; Matter of Edelstein, 150 AD3d 1531, 1532 [3d Dept 2017]).
Egan Jr., J.P., Lynch, Clark, Ceresia and McShan, JJ., concur.
ORDERED that respondent's application for reinstatement is denied.