■ In the Matter of RACHEL Y. MARSHALL, a Disbarred Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [890 NYS2d 654]—

Per Curiam. Respondent was admitted to practice by this Court in 1998. She practiced law in New Jersey, where she was admitted to the bar in 1997. By order dated October 2, 2008, the Supreme Court of New Jersey suspended respondent for a period of one year, with conditions, effective November 3, 2008. Thereafter, by order dated January 22, 2009, this Court granted petitioner's uncontested motion for discipline, pursuant to 22 NYCRR 806.19, and disbarred respondent (*Matter of Marshall*, 58 AD3d 1066 [2009]).

Respondent moves for reconsideration and further seeks to have this Court rescind the order of disbarment and impose a one-year suspension contemporaneous with the New Jersey order. Respondent argues that her failure to appear in response to petitioner's initial disciplinary motion was the result of her confusion and belief that she would only receive "reciprocal" discipline in this state, i.e., the same discipline as was imposed in New Jersey, and was not due to her "apparent disregard for her fate as an attorney" as referenced in this Court's decision (*id.* at 1067). In addition, respondent has submitted proof that she became current with respect to her biennial attorney registration on November 14, 2008, approximately two months prior to this Court's decision which noted that she was delinquent in this regard.

Under the circumstances, we grant respondent's instant request for reconsideration. However, having considered the papers filed on this motion and having heard respondent in mitigation or otherwise (*see* 22 NYCRR 806.19 [c]), we find no basis to disturb our original order disbarring her. As stated in our previous decision, respondent knowingly participated in a fraudulent real estate scheme in which she filed falsified closing and loan documents. In addition, during this same time frame, respondent falsified information on an application for disability insurance. It is the nature and extent of respondent's serious misconduct that formed the basis of this Court's previous decision. Furthermore, as acknowledged by respondent upon a motion by petitioner for discipline pursuant to 22 NYCRR 806.19,

this Court is not required to adhere to the disciplinary sanction imposed by the foreign jurisdiction and may impose a greater or lesser sanction (*see e.g. Matter of Wertheimer*, 286 AD2d 44 [2001]; *Matter of Steinbach*, 228 AD2d 88 [1997]).

Therefore, we deny respondent's application to rescind this Court's previous order of disbarment.

Peters, J.P., Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that respondent's motion for reconsideration is granted, and it is further

Ordered that, upon reconsideration, respondent's application to rescind this Court's previous order of disbarment is denied.