1584

Per Curiam. Respondent was admitted to practice by this Court in 1982. He maintains an office for the practice of law in the City of Gloversville, Fulton County.

On October 6, 2010, respondent was convicted, upon his plea of guilty, of criminal tax fraud in the fifth degree in violation of Tax Law § 1802, a class A misdemeanor. He was fined $5,000, surcharged $200, and sentenced to a one-year conditional discharge during which he is required to comply with all New York State tax laws. According to the plea allocution, respondent pleaded guilty to willful failure to timely file his 2008 New York State income tax returns in satisfaction of a multi-count indictment. He explicitly denied any intent to defraud New York State of taxes due.

Petitioner moves for an order pursuant to Judiciary Law § 90 (4) (g) imposing final discipline upon respondent's conviction of a serious crime, which motion we grant. We have heard respondent in mitigation.

In determining an appropriate disciplinary sanction, we reiterate an attorney's "duty to comply strictly with statutory mandates, particularly those relating to making income tax returns and payment of taxes due" (Matter of Whiting, 79 AD3d 1359, 1359 [2010]). We also measure respondent's statutorily serious misconduct against his unblemished public disciplinary record, his evident remorse, and his otherwise good personal and professional reputation.

We conclude that, under the circumstances presented, respondent should be suspended from the practice of law for a period of two years, and until further order of this Court. However, we stay the suspension upon condition that, during the suspension period, respondent (1) submit to petitioner documentation of the timely filing of his state and federal income tax returns that become due during the suspension period and payment of the income taxes due therewith, whether in full or by installment agreement, and (2) submit to petitioner, within 30 days of the date of this decision, proof of his payment of all state and federal income taxes due, whether in full or by continuing installment agreement, for the tax years 2002 through 2010. Petitioner shall report any substantial failure to comply with the conditions to this Court. Respondent may apply to terminate the suspension after two years. Any such application shall be served upon petitioner, which may be heard thereon.

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.