[987 NYS2d 275]

In the Matter of SAMUEL J. IANACONE, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 13, 2014

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Attorney Grievance Committee of the Seventh Judicial District,* Rochester, for petitioner.

*Richard A. Kaul,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 9, 1975. On October 3, 2013, he was convicted upon his plea of guilty in Monroe County Court to criminal tax fraud in the fifth degree in violation of Tax Law § 1802, a class A misdemeanor. Respondent admitted during the plea colloquy that he willfully failed to file his state personal income tax return for the year 2009. This Court thereafter determined that respondent had been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and, by order entered December 20, 2013, directed him to show cause why a final order of discipline should not be entered. On March 4, 2014, respondent was sentenced in County Court to a three-year period of probation, which included the condition that he file and pay state income taxes in a timely fashion during the period of probation. Respondent subsequently appeared before this Court and was heard in mitigation.

In determining an appropriate sanction, we have considered the serious nature of the misconduct, as well as the matters submitted by respondent in mitigation, which include his otherwise unblemished record and the fact that he has paid the delinquent taxes arising from the misconduct. We have further considered that the misconduct was unrelated to his practice of law. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three years, and until further order of this Court. We direct, however, that the period of suspension be stayed on condition that respondent, during that period, shall comply with the conditions of probation that were imposed by County Court. Furthermore, in accordance with the order entered herewith, respondent during the period of suspension must submit to the Grievance Committee documentation establishing that he has timely filed his state and federal income tax returns and paid any income taxes due therewith, whether in full or by installment agreement (*see Matter of Kolodziej,* 84 AD3d 1584, 1584 [2011]). The Grievance Committee shall report to this Court any substantial failure by respondent to comply with the aforementioned conditions, whereupon the Grievance Committee may move before this Court to vacate the stay of respondent's suspension. Respondent may apply to this Court

for an order terminating the period of suspension after three years.

Sмith, J.P., Fahey, Carni and Sconiers, JJ., concur.

Order of suspension entered.