Matter of McCoy-Jacien (2018 NY Slip Op 08998)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Mccoy-jacien

2018 NY Slip Op 08998

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

[*1]
In the Matter of PHYLLIS R. McCOY-JACIEN, an Attorney.


(Attorney Registration No.2908028)

Calendar Date: December 3, 2018
Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1998 and was previously admitted to practice in Vermont in 1989. In March 2017, this Court censured respondent based upon discipline she had received in Vermont in July 2016 due to her failure to file income taxes in that state over a four-year period (148 AD3d 1420 [2017]). As a result of her failure to abide by the conditions imposed on her in the July 2016 order in Vermont and her failure to cooperate with a subsequent disciplinary investigation, respondent has since been suspended by a Hearing Panel of the Vermont Professional Responsibility Board for a nine-month term beginning in February 2018 (Matter of McCoy-Jacien, 2018 VT 35, 186 A3d 626 [2018]). Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Discipline Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon her February 2018 Vermont suspension. Respondent has not replied to AGC's motion or otherwise submitted any documentation in mitigation.
We note that respondent's failure to cooperate with disciplinary authorities (see Matter of Colby, 156 AD3d 1215, 1216 [2017]) and her failure to file her tax returns (see Matter of Troue, 166 AD2d 871, 871 [1990]; Matter of Gray, 166 AD2d 870, 870 [1990]) would constitute serious professional misconduct if committed in this state. Moreover, respondent has not responded to AGC's motion and, as such, she has waived any of her available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we grant AGC's motion and turn to the inquiry of the appropriate level of discipline to be imposed (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]). In doing so, we note that, while we may consider the severity of the sanction imposed in Vermont, we are not bound by that determination (see Matter of Musafiri, 144 AD3d 1387, 1388 [2016]; Matter of Marshall, 67 AD3d 1122, 1123 [2009]).
We conclude that respondent's conduct, in the absence of any mitigating factors, warrants a lengthy suspension in this state (see Matter of Courtney, 123 AD3d 1418, 1418 [2014]; Matter of Kolodziej, 84 AD3d 1584, 1584 [2011]; compare Matter of Troue, 166 AD2d at 872; Matter of Gray, 166 AD2d at 870). Moreover, respondent's conduct is further aggravated by her registration delinquency (see Matter of Hernandez, 156 AD3d 1109, 1111 [2017]; Matter [*2]of Humphrey, 151 AD3d 1539, 1540 [2017]), her past discipline beyond her March 2017 censure, which includes two letters of advisement for failing to cooperate in two unrelated investigations into allegations of misconduct and her failure to notify this Court and AGC of the disciplinary action in Vermont in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). We further take note of respondent's indifference to her fate as an attorney in this state, as evidenced by her failure to participate in these proceedings (see Matter of Graham, 164 AD3d 1520, 1521 [2018]; Matter of Tambolini, 155 AD3d 1302, 1303 [2017]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent should be suspended for one year, effective immediately. We further require that any future application for her reinstatement be accompanied by proof that she has been reinstated to the practice of law in Vermont (see Matter of Colby, 156 AD3d 1215, 1216 [2017]; Matter of Aquia, 153 AD3d 1082, 1083 [2017]), and that she is in full satisfaction of the attorney registration requirements applicable in this state (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1). Finally, during the pendency of these proceedings, this Court has come to learn that respondent has abandoned her client files at her former law office. Accordingly, we appoint the Washington County Bar Association as limited custodian of respondent's client files to take the appropriate actions pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.21.
McCarthy, J.P., Devine, Clark and Aarons, JJ., concur.

Egan Jr., J. (concurring in part and dissenting in part).


I agree that the motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) should be granted and respondent sanctioned for the misconduct of which she was found guilty in Vermont that would, if committed here, constitute misconduct in New York. I disagree, however, with the actual sanction imposed by the majority. Because this is an application for reciprocal discipline, I would impose the same sanction that Vermont deemed appropriate for its violations — a nine-month suspension with conditions for reinstatement.
I share the concern cited by the majority for increasing the suspension period for an additional three months, but respondent's failure to notify this Court and AGC of the Vermont disciplinary action and her New York attorney registration delinquency are separate potential New York ethical violations inherently not considered by Vermont. AGC is well-equipped to
handle allegations of misconduct by New York attorneys in New York in the normal course, and I believe that would be the better course of action here.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
Law for one year, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the [*3]same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, upon the Court's own motion, the Washington County Bar Association is hereby appointed limited custodian of the client files of respondent located at 167 Broadway, First Floor, Whitehall, NY 12887 for the purpose of taking possession and examining such files and taking such action as deemed proper and advisable to protect the interests of respondent's clients, including, where necessary, the release of the files to respondent's clients upon appropriate request of the client and/or the client's new counsel; and it is further
ORDERED that the Washington County Bar Association shall comply with the provisions of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.21 (c); and it is further
ORDERED that, if necessary, the Washington County Bar Association may apply to the Court for appropriate instructions regarding the proper discharge of its duties as limited custodian; and it is further
ORDERED that, upon application of the Washington County Bar Association, the Court may determine and award compensation and costs incurred in connection with this order; and it is further
ORDERED that, within 45 days of the entry date of this order, the Washington County Bar Association shall submit a status report to this Court setting forth all actions taken pursuant to the authority set forth in this order, which shall include the name and address of each client and the disposition of each client's file.