Matter of Matthews. (2020 NY Slip Op 06193)





Matter of Matthews.


2020 NY Slip Op 06193


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

PM-142-20

[*1]In the Matter of Sam Stanley Matthews. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Sam Stanley Matthews, Respondent. (Attorney Registration No. 2380343.)

Calendar Date: August 17, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for petitioner.
Scalise & Hamilton, P.C., Scarsdale (Deborah A. Scalise of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1991 and formerly practiced in New Jersey, where he was previously admitted to practice in 1990.[FN1] By March 2010 order, this Court disbarred respondent from the practice of law, stemming from his admission to knowingly misappropriating client funds and his resulting disbarment by consent in New Jersey in May 2009 (72 AD3d 1268 [2010]; see Matter of Matthews, 198 NJ 617, 969 A2d 1132 [2009]).[FN2] Respondent now moves for his reinstatement and petitioner has submitted an affidavit in opposition, to which respondent has submitted papers in reply (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
Pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5), we referred respondent's application for reinstatement to a subcommittee of the Committee on Character and Fitness for a recorded interview of respondent and report to the Court, which took place in January 2020. Following the interview, the subcommittee issued its report recommending that respondent's motion be denied, and respondent later submitted his response to the report. We thereafter directed respondent and petitioner to appear for oral argument to further address the issues raised by respondent's application and hearing testimony.
Every attorney seeking reinstatement from disbarment must establish, by clear and convincing evidence, (1) that he or she has complied with the order of disbarment and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public interest to reinstate the attorney to the practice of law in New York (see Matter of Jing Tan, 164 AD3d 1515, 1516-1517 [2018]; Matter of Edelstein, 150 AD3d 1531, 1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). As a threshold matter, respondent has submitted the appropriate form affidavit in support of his motion and has properly appended the necessary documents for our consideration, including proof that he has successfully completed the Multistate Professional Responsibility Examination within one year preceding his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C). We have further determined that respondent has clearly and convincingly established his compliance with the order disbarring him and this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.9; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15). Accordingly, we turn to the inquiries concerning respondent's character and fitness and the public interest in his potential reinstatement.
In assessing a disbarred attorney's character and fitness and the public interest in his or her reinstatement, several factors are relevant to this Court's determination, including the conduct that precipitated the disciplinary sanction and the conduct that followed the disciplinary order (see Matter of Krouner, 173 AD3d 1428, 1429 [2019]; Matter of Canale, 162 AD3d 1455, 1456 [2018]; Matter of Brollesy, 136 AD3d 1273, 1274 [2016]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1245 [2019]). At the outset, we are careful not to minimize the severity of respondent's admitted misconduct, as the misappropriation of client funds has regularly resulted in the harshest of sanctions in this state (see generally Matter of Cresci, 175 AD3d 1670, 1672 [2019]; Matter of Malyszek, 171 AD3d 1445, 1445-1446 [2019]; Matter of Patel, 166 AD3d 1463, 1464 [2018]). However, having reviewed his submissions and the transcript of his interview before the subcommittee, and having further had the opportunity to hear and question him at oral argument, we find that respondent has appropriately expressed contrition for his past misconduct and has demonstrated his recognition of the factors that led him to commit that misconduct. We further note that respondent has the support of numerous members of his community, including several attorneys, all of whom have vouched for his good character. Moreover, respondent has dedicated significant time to various charitable organizations during the period of his disbarment and has indicated his interest in continuing these endeavors (see Matter of West, 174 AD3d 85, 87 [2019]; Matter of Canale, 162 AD3d at 1457). Altogether, we find that respondent has sufficiently established that he possesses the requisite character and fitness to resume the practice of law in this state (see Matter of Herzog, 145 AD3d 1315, 1316 [2016]).
Turning to the public interest in reinstating respondent, we find that his return to the practice of law would provide a tangible benefit to the public based upon his stated intent to continue working with charitable organizations upon reinstatement (see Matter of Njogu, 175 AD3d 800, 801 [2019]); Matter of Canale, 162 AD3d at 1457). Further, we find that respondent's acknowledgment of his wrongdoing and the safeguards he has put in place in order to avoid any future misconduct provide some reassurance that his reinstatement would not be a detriment to the public (see Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Nonetheless, in light of his longstanding separation from practice, his admission to repeated instances of mismanagement of his escrow accounts and his permanent disbarment in his home state of New Jersey, we feel that the imposition of additional safeguards are appropriate to insure that no detriment will inure to the public as a consequence of his reinstatement (see Matter of Krouner, 173 AD3d at 1430; Matter of Brollesy, 169 AD3d 1347, 1349 [2019]; Matter of Canale, 162 AD3d at 1457). Accordingly, although we find that respondent has established his entitlement to reinstatement, we impose certain conditions on his return to the practice of law as provided for in this order.
Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be conditioned upon the following requirements: (1) respondent shall not engage in the solo practice of law, open his own law practice or become a partner in any law practice in the State of New York so long as the conditions of this order remain in effect, and the attorney with whom respondent associates in order to comply with the no-solo practice condition must be admitted for a minimum of five years; and (2) within one calendar year of this order, respondent shall complete eight credit hours of accredited continuing legal education in ethics and professionalism, which includes coursework pertaining to the management of attorney escrow accounts, all in addition to the continuing legal education credits otherwise required of him (see Rules of App Div, All Depts [22 NYCRR] part 1500), and respondent shall provide proof of his compliance with this condition to petitioner; and it is further
ORDERED that respondent may move this Court to remove the foregoing conditions after October 29, 2025; and it is further
ORDERED that petitioner shall serve a copy of this decision upon the New Jersey Office of Attorney Ethics on or before November 29, 2020.



Footnotes

Footnote 1: Respondent was also admitted to practice in the District of Columbia, but was later disbarred in that jurisdiction in June 2010, owing to his New Jersey misconduct.

Footnote 2: Unlike the sanction of disbarment in this state, respondent's disbarment in New Jersey is permanent (see New Jersey Rules of Court, rule 1:20-15A [a] [1]).