Matter of Marshall (2021 NY Slip Op 06916)





Matter of Marshall


2021 NY Slip Op 06916


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

PM-177-21
[*1]In the Matter of Rachel Y. Marshall, an Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Rachel Y. Marshall, Respondent. (Attorney Registration No. 2875953.)

Calendar Date:October 25, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet, of counsel), for petitioner.
Scalise & Hamilton P.C., Scarsdale (Deborah A. Scalise of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1998, but was disbarred by January 2009 order (Matter of Marshall, 58 AD3d 1066 [2009]; see Matter of Marshall, 67 AD3d 1122 [2009]). Respondent's disbarment flowed from her one-year suspension by October 2008 order of the Supreme Court of New Jersey upon that Court's finding that she had engaged in multiple acts of misconduct. The Supreme Court of New Jersey reinstated respondent to the practice of law in 2011 with certain conditions and, in 2012, the Court granted her motion to terminate said conditions. Respondent applies for reinstatement, supported by an affirmation of counsel, and petitioner has opposed the motion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
Following an initial review, this Court referred respondent's application for reinstatement to a subcommittee of the Committee on Character and Fitness for a hearing (see Rules of the App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]). Respondent appeared before the subcommittee in April 2021, and the subcommittee subsequently issued a report unanimously recommending that respondent's motion for reinstatement be granted. Respondent thereafter submitted correspondence, commenting upon the report.
An attorney seeking reinstatement following disbarment must demonstrate by clear and convincing evidence (1) his or her compliance with the order of disbarment and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that his or her reinstatement to the practice of law in New York would be in the public's interest (see Matter of Krouner, 173 AD3d 1428, 1429 [2019]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). As a threshold matter, we find that respondent has submitted the appropriate form affidavit in support of her motion and has properly appended the necessary documents for our consideration (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Oncu], 184 AD3d 1071, 1073 [2020]). We have further determined that respondent has clearly and convincingly established her compliance with the order of disbarment and this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.9; Matter of Attorneys in Violation of Judiciary Law § 468-a [Kearney], 186 AD3d 972, 974 [2020]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15). Accordingly, our inquiry turns to whether respondent possesses the requisite character and fitness and the public's interest in her reinstatement.
Several factors are relevant to this Court's determination of these issues, including the conduct that precipitated the disciplinary sanction, as well as the conduct that followed the disciplinary order (see Matter of Krouner, 173 AD3d at 1429[*2]; Matter of Canale, 162 AD3d 1455, 1456 [2018]). We are mindful of the severity of respondent's admitted misconduct involving her participation in a fraudulent real estate transaction to the detriment of one of her clients, as well as her later material misrepresentations made to a disability insurance provider. Nevertheless, having reviewed respondent's submissions and the transcript of the subcommittee hearing, we find that she has ardently expressed remorse for her past misconduct and has not only demonstrated her recognition of the factors that led her to commit that misconduct, but also that she has directly and successfully addressed those factors (compare Matter of Brollesy, 136 AD3d 1273, 1274 [2016]). We further note the enthusiastic support that respondent has earned from those in her community, including several attorneys, all of whom have vouched for her good character and judgment. Her professional advancement and active involvement in numerous pro bono activities in her community in New Jersey are further indications of her restored character and fitness. Altogether, we find that respondent has sufficiently established that she possesses the requisite character and fitness to resume the practice of law in this state (see Matter of Matthews, 187 AD3d 1482, 1483-1484 [2020]; Matter of West, 174 AD3d 85, 87 [2019]; Matter of Canale, 162 AD3d at 1457).
As to the public interest in reinstating respondent, we find that her return to the practice of law would provide a tangible benefit to the public based upon her stated intent to expand her engagement with underserved and vulnerable communities to this state upon reinstatement (see Matter of Njogu, 175 AD3d 800, 801 [2019]); Matter of Canale, 162 AD3d at 1457). We further find that respondent's candid and emphatic acknowledgment of her wrongdoing and the professional and personal support systems that she has developed in order to avoid any future misconduct provide some reassurance that her reinstatement would not be a detriment to the public (see Matter of Matthews, 187 AD3d at 1483-1484; compare Matter of Sullivan, 153 AD3d 1484, 1484 [2017]). Accordingly, we find that respondent has established her entitlement to reinstatement.
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is
granted; and it is further
ORDERED that respondent is reinstated as an attorney and
counselor-at-law in the State of New York, effective
immediately.