Matter of Becker (2022 NY Slip Op 01226)





Matter of Becker


2022 NY Slip Op 01226


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

PM-36-22
[*1]In the Matter of Jonathan Lloyd Becker, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jonathan Lloyd Becker, Respondent. (Attorney Registration No. 4664710.)

Calendar Date:December 13, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Jonathan Lloyd Becker, Cooperstown, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2009 and previously maintained a law practice in the Village of Cooperstown, Otsego County. By February 2020 order, however, this Court suspended respondent from the practice of law for a period of eight months upon sustained allegations that he had engaged in conduct that adversely reflected on his fitness as an attorney owing to his inappropriate dialogue with a then 12-year-old client (180 AD3d 1322 [2020]). Respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner has opposed the motion by affirmation of counsel and, upon our initial review, we referred the matter to a Character and Fitness subcommittee for hearing and report (see Rules of the App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]). Following the hearing, the subcommittee has recommended that respondent's motion be denied. Respondent has submitted his response to the subcommittee report and petitioner has supplemented its previous opposition papers in response to the subcommittee report.
Any attorney seeking reinstatement from a suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public interest to reinstate the attorney to practice in New York (see Matter of Brollesy, 169 AD3d 1347, 1348 [2019]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Respondent has met his requisite procedural obligations, as he has appropriately submitted a duly-sworn affidavit in the form provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the required exhibits, and has provided proof that he achieved a sufficient score on the August 2020 Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Sklar, 186 AD3d 1773, 1774 [2020]). Further, we find that respondent has clearly and convincingly demonstrated his compliance with this Court's order suspending him. We therefore turn to our assessment concerning his character and fitness and the public interest in his reinstatement.
In assessing whether a respondent has met his or her burden concerning these factors, we consider both the conduct that led to his or her suspension as well as his or her conduct following the order of suspension (see Matter of Castro, 200 AD3d 1387, 1389 [2021]; Matter of Matthews, 187 AD3d 1482, 1484 [2020]; see also Matter of Leo, 28 NY3d 360, 365 [2016]). In attempting to satisfy these requirements, a respondent should address those factors that led to his or her misconduct in the first place (see Matter of Brollesy, 136 AD3d 1273, 1274 [2016]). Further, in attempting to meet his or her [*2]burden to demonstrate that reinstatement is in the public interest, a respondent must "provide assurances that no detriment would inure to the public by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [2017]).
Although we have considered the concerns of the subcommittee, respondent's application and the documents he has submitted in support, as well as the various testimony at his hearing, demonstrate that he has sufficiently met his burden for reinstatement. To this end, we note that respondent has demonstrated his commitment to attending counseling on a consistent basis in order to address the underlying issues that contributed to his misconduct. Further, respondent has sought the advice and counsel of members of his immediate legal community, and several of those individuals have offered their support for his reinstatement by attesting to his good character, notwithstanding the misconduct that led to his suspension. Accordingly, we find that respondent has sufficiently met his burden as to character and fitness (see Matter of Matthews, 187 AD3d at 1484).
We have also taken the foregoing into consideration with respect to respondent's burden to demonstrate that his reinstatement is in the public interest. To that end, the sum of respondent's application suggests that he has a sufficient support system, who he may look to for guidance in order to avoid future misconduct. We also note respondent's commitment to maintaining his legal acumen during his period of suspension, evidenced by his attendance at a substantial number of continuing legal education seminars, including several in the ethics and professionalism discipline. Accordingly, we are satisfied that his reinstatement would not cause any detriment to the public (see Matter of Castro, 200 AD3d at 1391). Finally, respondent has largely dedicated his career to service of the public, and the testimony of several witnesses speaks to the valuable legal services he provided to underserved members of his largely rural community prior to his suspension. To that end, we find that his stated intent to continue working in service of the public provides a clear tangible benefit (see generally Matter of Attorneys in Violation of Judiciary Law § 468-a [Fitzpatrick], 191 AD3d 1229 [2021]). Altogether, we find that respondent has met his burden, and we grant his motion for reinstatement, subject to the conditions identified in this order.
Having determined that respondent should be reinstated, however, we note the issues raised in petitioner's opposition to respondent's motion pertaining to his submission of vouchers seeking payment for work that he was required to undertake as a direct consequence of his suspension. The vouchers reveal that respondent billed for tasks that were solely necessitated by his suspension, such as the transferring of files to substitute counsel[*3]. We find that such fees are inherently unreasonable, considering the fact that Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (g) would forbid an attorney from billing those same fees to a private client. We therefore conclude that respondent's billing for tasks performed after his suspension was improper and he is directed to return those fees to the appropriate courts within 30 days of the date of this order.
Lynch, J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately, and subject to the condition that he continue attending counseling with his current provider, and that he provide proof of his attendance to the Attorney Grievance Committee for the Third Judicial Department every 30 days following the date of this order; and it is further
ORDERED that the condition on respondent's reinstatement identified in this order shall terminate on August 24, 2022; and it is further
ORDERED that respondent is directed to return any improper fees incurred on or after February 27, 2020 within 30 days of the date of this order, and shall provide proof of his compliance with this directive to the Attorney Grievance Committee for the Third Judicial Department within 45 days of the date of this order.