Matter of Nayak (2022 NY Slip Op 06220)

Matter of Nayak

2022 NY Slip Op 06220

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

PM-184-22
[*1]In the Matter of Meghan Elaine Nayak, a Suspended Attorney. (Attorney Registration No. 4935441.)

Calendar Date:August 1, 2022

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Foley Griffin, LLP, Garden City (Chris McDonough of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2011 and resides in New Jersey, where she is also admitted. She is currently employed in a policy role with a not-for-profit organization in Kings County. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2013 (172 AD3d 1706, 1743 [3d Dept 2019]). She cured her registration delinquency in August 2020, has since remained current in her registration obligations, and now applies for reinstatement by motion made returnable August 1, 2022. AGC has responded to the motion by July 28, 2022 correspondence.
Given that respondent has been suspended for a duration of approximately three years at the time of the filing of her application, she appropriately prepared an affidavit in accord with Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see also Matter of Sklar, 186 AD3d 1773, 1774 [3d Dept 2020]). Respondent has likewise provided evidence of her successful passage of the Multistate Professional Responsibility Examination in 2021 as a prerequisite to her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Having therefore concluded that respondent has satisfied the necessary procedural requirements,[FN1] we turn our attention to the substantive aspects of respondent's application.
To that end, all attorneys seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part substantive test in order to establish their entitlement to reinstatement (see Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, it must be established that the suspended attorney has complied with both the terms of the order of suspension and all applicable rules of the Court (see Matter of Njogu, 175 AD3d 800, 800 [3d Dept 2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d 1377, 1378 [3d Dept 2017]). Respondent has clearly satisfied her burden in this regard, as her application materials have established that she has not practiced law in New York during the term of her suspension and has successfully completed the client notifications and other measures required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (see Matter of Bruhn, 206 AD3d 1225, 1226 [3d Dept 2022]). Notably, respondent has also remained compliant with her attorney registration requirements since curing the delinquency giving rise to her suspension (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d at 1378) and has further demonstrated her recent completion of certain continuing legal education accreditation in potential satisfaction of some or all of her requirements [*2]for the current biennial period (see Rules of App Div, All Depts [22 NYCRR] § 1500.22).
An attorney seeking reinstatement must also establish his or her character and fitness for the practice of law (see Matter of Castro, 200 AD3d 1387, 1389 [3d Dept 2021]). Respondent is a member in good standing of the New Jersey bar and has no disciplinary record whatsoever outside of the instant suspension. She likewise has no litigation history, unsatisfied judgments, bankruptcies or overdue debts of significance, and has not been the subject of any governmental investigations or criminal prosecutions. Additionally, in support of her application, respondent has submitted five character affirmations from colleagues attesting to her positive character.
Finally, respondent must also demonstrate that her reinstatement is in the public interest, a two-fold inquiry which requires her to "provide assurances that no detriment would inure to the public by reason of [her] return to practice, and that . . . her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]; see Matter of Becker, 202 AD3d 1430, 1432 [3d Dept 2022]). Given the less-egregious nature of the misconduct giving rise to respondent's suspension, we conclude that her reinstatement would not be detrimental to the public, even if her misconduct were to be repeated (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Davitt], 199 AD3d 1116, 1118 [3d Dept 2021]). Conversely, her reinstatement is likely to have a tangible benefit. Respondent, a former New Jersey public defender, is now focused on "creating policy to reduce mass incarceration in this country" and it is submitted that her career focus on assisting marginalized and disadvantaged populations would be well served by her restoration to practice in New York (see Matter of Becker, 202 AD3d at 1432). Accordingly, having determined that respondent has satisfied her burden in every respect, we grant her application for reinstatement.
Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension arising solely from his or her violation of Judiciary Law § 468-a.