Matter of Mariner (2024 NY Slip Op 04110)

Matter of Mariner

2024 NY Slip Op 04110

Decided on August 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 1, 2024

PM-151-24
[*1]In the Matter of Rachel Ann Mariner, a Suspended and Resigned Attorney. (Attorney Registration No. 2527315)

Calendar Date:July 1, 2024

Before:Clark, J.P., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Rachel Ann Mariner, Washington, DC, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1993 and was thereafter admitted to practice in Washington, DC and in Nevada. However, respondent was suspended from practice by September 2009 order of this Court due to her failure to satisfy her statutory registration obligations from 2003 forward (65 AD3d 1447, 1467 [3d Dept 2009]). In October 2011, while respondent remained suspended from practice in this state, this Court granted respondent leave to resign from the New York bar for nondisciplinary reasons.[FN1] Respondent now therefore moves, by motion marked returnable July 1, 2024, for reinstatement from both her disciplinary suspension and her nondisciplinary resignation. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) does not oppose respondent's motion.
Initially, it is noted that there is no specific procedure applicable to an attorney who is both suspended and resigned, as this scenario is not provided for in this Court's rules (compare Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16, and Rules of App Div, 3d Dept [22 NYCRR] § 806.16, with Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b], and Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). However, in light of the fact that both the procedures and substantive standards applicable to reinstatement from disciplinary suspension are more rigorous than — and largely inclusive of — the procedures and standards applicable to reinstatement from nondisciplinary resignation (compare Matter of Nayak, 210 AD3d 1185, 1186-1187 [3d Dept 2022], with Matter of Nwakudu, 227 AD3d 1369, 1370 [3d Dept 2024]), we have determined that those more exhaustive procedures and standards should apply in this circumstance.
To that end, any attorney seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part test to establish his or her entitlement to reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, it must be demonstrated that the suspended attorney has complied with both the terms of the order of suspension and the rules of this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.15, 1240.16 [a]), and such compliance may be established by sworn attestations in the movant's supporting affidavit and by providing reassurances that the attorney has not practiced in New York while suspended. Further, an attorney seeking reinstatement must demonstrate that he or she possesses the requisite character and fitness for the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1050 [3d Dept 2018]). Finally, the attorney must demonstrate that his or her reinstatement is in the public's interest, a balancing test which takes into consideration both the possible detriment to the community and any tangible public benefit which might be occasioned [*2]by the attorney's reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).
Procedurally, when a respondent is seeking reinstatement from a suspension for misconduct relating exclusively to his or her failure to comply with the biennial registration requirements of Judiciary Law § 468-a, the form affidavit of Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix D applies. Additionally, for those respondents in the position of seeking reinstatement from either suspension for registration obligation delinquencies or from nondisciplinary resignation, this Court's rules mandate the completion of certain continuing legal education accreditation as a prerequisite to reinstatement, but only for those respondents who have been actually suspended for a duration of greater than two years (see Rules of App Div, 3d Dept [22 NYCRR] §§ 806.16 [c] [5]; 806.22 [b] [2]).
Here, respondent has provided assurances that she has complied with this Court's suspension order and the rules of the Court, attesting that she has not practiced law in this State and has lived in the United Kingdom from 2002 until 2022. Further, given the nature of the misconduct giving rise to her suspension, as well as her good standing in the jurisdictions of Nevada and Washington, DC, we find that her application does not raise any issues concerning her character and fitness. Respondent advises that since returning to the United States, she has engaged in "nationwide class and collective action litigation addressing wage theft." She notes that, given this practice area, her reinstatement would be in the public interest, and we agree. We also find that respondent has met the requisite procedural threshold as she submitted the more exhaustive form affidavit of Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C, which we have accepted as it is inclusive of the necessary attestations of the aforementioned forms in appendices D and F. Respondent has provided proof of her completion of the necessary continuing legal education credits within two years of the filing of the instant application and, although respondent has not yet cured the registration delinquency which led to her suspension, we find it appropriate under the unique circumstances of this case to temporarily excuse that noncompliance. As such, we grant respondent's reinstatement, conditioned upon her resolution of her existing registration delinquencies with the Office of Court Administration, Attorney Registration Unit within 30 days of the issuance of this order.
Clark, J.P., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent shall file an attorney registration statement for the 2003[*3]-2004, 2005-2006, 2007-2008, 2009-2010, 2011-2012 and 2023-2024 biennial periods with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 within 30 days of the date of this decision, upon notice to the Attorney Grievance Committee for the Third Judicial Department.

Footnotes

Footnote 1: Since the 2016 enactment of the Rules for Attorney Disciplinary Matters, we have repeatedly clarified that the existence of a mere registration delinquency — to say nothing of an actual suspension arising from such a delinquency — is a categorical bar to nondisciplinary resignation (see Matter of Cluff, 148 AD3d 1346, 1346-1347 [3d Dept 2017]; Matter of Frank, 146 AD3d 1228, 1228-1229 [3d Dept 2017]; compare Matter of Germano, 172 AD3d 1877, 1877-1878 [3d Dept 2019]).