Matter of Crockett (2025 NY Slip Op 02392)

Matter of Crockett

2025 NY Slip Op 02392

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

PM-104-25
[*1]In the Matter of Pamela Ann Crockett, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Pamela Ann Crockett, Respondent.(Attorney Registration No. 2629574.)

Calendar Date:January 27, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Pamela Ann Crockett, Severn, Maryland, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1994 but was thereafter suspended from practice in this state, for a one-year term, by our August 2014 order (120 AD3d 878 [3d Dept 2014]).[FN1] Respondent's suspension arose from an October 2013 petition charging respondent with 10 charges of professional misconduct, including her failure to provide competent representation, her conversion of settlement funds and commingling of her own personal funds with the funds of her client and a litany of escrow account irregularities. Respondent initially conceded that she had engaged in the conduct underlying certain of the charges,[FN2] and, following a hearing before a Referee, the remaining charges that had been disputed by respondent were ultimately sustained (see id. at 879-880).
Respondent remains suspended to date pursuant to our August 2014 order and has now moved for her reinstatement, for the first time, by motion initially marked returnable in June 2024. Petitioner opposed respondent's reinstatement by affirmation of counsel and, following our initial consideration of the motion, we referred the matter to a Character and Fitness subcommittee for hearing and report (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]), with said hearing subsequently being held in September 2024. The subcommittee thereafter concluded that respondent's reinstatement would not be in the public interest and has accordingly recommended by December 2024 report that respondent's motion be denied. Respondent has since filed a response to the subcommittee's report and, while petitioner declined the opportunity to be heard in specific response to the subcommittee's report, it has nonetheless expressed its continued opposition to respondent's reinstatement.
It is well established that any attorney seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part test to establish his or her entitlement to reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). To that end, respondent was first required to establish that she has complied with both the terms of the order of suspension and the rules of this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). On that point, we have no concern that respondent has practiced law in violation of our suspension order, as it appears that she instead ceased practicing altogether following her suspension by this Court and her roughly contemporaneous disbarments in Maryland and in the District of Columbia (see n 1, supra). As to her compliance with applicable rules, we note that she resolved her longstanding and preexisting registration delinquency just prior to filing the instant motion with this Court,[FN3] and respondent has submitted an affidavit demonstrating her compliance with this Court's rules (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]). We therefore conclude that respondent has demonstrated her satisfaction of the [*2]first prong of the aforementioned test.
In addition to compliance with this Court's rules and suspension order, an attorney seeking reinstatement from disciplinary suspension must also demonstrate that he or she possesses the requisite character and fitness for the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Anderson, 225 AD3d 995, 996 [3d Dept 2024]; Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]). Further, the attorney must demonstrate that his or her reinstatement is in the public's interest — a balancing test which takes into consideration both the possible detriment to the community and any tangible public benefit which might be occasioned by the attorney's reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).
We conclude that respondent has demonstrated her character and fitness, in spite of the seriousness of her professional misconduct (see Matter of Matthews, 187 AD3d 1482, 1484 [3d Dept 2020]), through evidence of her many good works and community engagement efforts during her period of suspension (see Matter of Paragano, 213 AD3d 1023, 1025 [3d Dept 2023]; Matter of Becker, 202 AD3d 1430, 1431 [3d Dept 2022]). However, upon our referral, the Character and Fitness subcommittee has concluded that, in the absence of a concrete plan for her return to practice after a 10-year absence, respondent has not demonstrated that the public interest would be served by her reinstatement. Although respondent testified at the hearing as to her desire to move to New York City, she provided vague and inconsistent statements at the hearing about whether she would return to practice as a solo practitioner or with a firm, and as to what practice areas she might engage in. Indeed, in her response to the subcommittee report, respondent herself now admits that she did not present a "detailed plan for reentry" at the hearing, and the subcommittee's conclusion therefore has demonstrable basis in the record before us.
However, we are of the view that respondent has squarely addressed the concerns of the subcommittee in her response to the subcommittee report and has therefore provided sufficient assurances that her reinstatement is in the public's interest. In particular, respondent has now demonstrated that she has "secured support and a commitment of guidance and mentorship" from two individuals with whom she has longstanding relationships, one of whom is a current member of the New York bar with four decades of experience. Respondent has also professed a commitment to "seek employment where there is strong guidance, mentorship, oversight and hands-on assistance," and to assist her in this regard, we will require respondent to refrain from all solo practice in New York for at least the first two years following her reinstatement (see Matter of Watson, 230 AD3d 921, 924 [3d Dept 2024]). Subject to this restrictive condition[*3](see also n 3, supra), we grant respondent's motion and reinstate her to practice, effective immediately.
Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be conditioned upon the following requirements: (1) respondent shall not engage in the solo practice of law, open her own law practice or become a partner in any law practice in the State of New York and must be supervised by the law firm's partner or managing attorney so long as the conditions of this order remain in effect, with respondent providing petitioner with quarterly reports certifying her compliance with this condition commencing on June 30, 2025; (2) respondent may move this Court to terminate the foregoing condition on or after April 26, 2027, and (3) respondent shall provide petitioner and this Court with documentary proof, on or before May 27, 2025, demonstrating that she has successfully completed her statutory registration requirements for the 2024-2025 biennial period.

Footnotes

Footnote 1: Respondent most recently maintained a law office in Lanham, Maryland, and was admitted to practice in the District of Columbia in 1996 and in Maryland, under her then-husband's surname of "Fish," in 2004. However, respondent was disbarred in the District of Columbia upon her consent while a reciprocal discipline proceeding founded upon this New York matter was pending (Matter of Crockett, 114 A3d 1288 [DC Ct of Appeals 2015]). Respondent was also disbarred upon her consent in Maryland by October 2014 order (Attorney Grievance Commn. of Md. v Fish, 440 Md 188 [2014]).
Footnote 2: Upon respondent's admissions and other uncontroverted evidence of her misconduct, we had previously suspended respondent on an interim basis pending our further consideration of the disciplinary charges against her (115 AD3d 1051 [3d Dept 2014]).

Footnote 3: We note that respondent has again fallen delinquent in her registration obligations during the pendency of this motion and we therefore direct her to resolve this delinquency, on notice to petitioner, within 30 days of the issuance of this order. We additionally take the opportunity to remind respondent and the bar as a whole that this state's statutory registration obligation (see Judiciary Law § 468-a) applies fully to all attorneys that are the subject of an existing disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD3d 1498, 1499 [3d Dept 2024]; see generally Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [a]-[c], [g]).