Matter of Edelstein (2022 NY Slip Op 01507)





Matter of Edelstein


2022 NY Slip Op 01507


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

PM-52-22
[*1]In the Matter of Mark Edelstein, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Mark Edelstein, Respondent. (Attorney Registration No. 4645438.)

Calendar Date:January 3, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for petitioner.
Mark Edelstein, Trenton, New Jersey, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2008 and was previously admitted to practice in New Jersey in 2007. In January 2016, the Supreme Court of New Jersey suspended respondent from the practice of law for three months based upon stipulated findings that he had, among other misconduct, failed to properly supervise a nonlawyer employee who had misappropriated client funds and had made certain misrepresentations concerning his partnership in a New Jersey law firm (Matter of Edelstein, 224 NJ 31, 128 A3d 692 [2016]). Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) thereafter moved to impose discipline upon respondent as a consequence of his New Jersey misconduct pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and this Court granted the motion and suspended respondent from the practice of law for a period of three months and until further order of this Court (144 AD3d 1311 [2016]).
In May 2017, respondent moved for reinstatement in this state, and we denied his motion based upon his failure to complete his obligations to pay restitution to the victim of his firm employee's misappropriation along with his failure to properly demonstrate any plans for his potential return to the practice of law (150 AD3d 1531 [2017]). Respondent has since been reinstated to the practice of law in New Jersey as of September 2020 and is currently in good standing in that state (see Matter of Edelstein, 244 NJ 195, 237 A3d 930 [2020]). He now again seeks his reinstatement in this state and AGC has submitted an affirmation of counsel advising that it does not oppose respondent's motion.
We first note that, as an attorney who has now been suspended for a duration of more than six months, respondent has appropriately submitted a duly-sworn affidavit in the form provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Matter of Jing Tan, 164 AD3d 1515, 1517 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, respondent has submitted proof of his successful passage of the Multistate Professional Responsibility Examination within one year of the date of his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, respondent has met the procedural requirements on his application and we therefore proceed to the merits of his motion.
Every attorney seeking reinstatement from a suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public interest to reinstate the attorney to practice in New York (see Matter of Brollesy, 169 AD3d 1347, 1348 [2019]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). We first conclude that respondent has clearly and [*2]convincingly demonstrated that he has complied with the order of suspension and the rules governing the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15). Although respondent submitted an affidavit of compliance in improper form, his collective attestations in his appendix C form affidavit evidence that he has not practiced law in this state during the period of his suspension.
Turning to his character and fitness and the public interest in his reinstatement, we note that respondent has taken responsibility for the consequences of his misconduct, as he has now completed his obligation to pay restitution to the New Jersey Lawyers' Fund for Client Protection. Further, respondent has been reinstated to the practice of law in New Jersey and has attested to his future intent to return to that state to provide pro bono legal services at the conclusion of his current military service. Finally, we note that respondent has demonstrated a commitment to maintaining his legal acumen by taking a significant amount of continuing legal education coursework during the period of his suspension. Altogether, we find that respondent has demonstrated the requisite character and fitness and that his reinstatement would be in the public interest (see Matter of Castro, 200 AD3d 1387, 1391 [2021]; Matter of Marshall, 200 AD3d 1300, 1302 [2021]; Matter of Brollesy, 169 AD3d at 1348-1349 [2019]). We therefore grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.