Matter of DeLorenzo (2023 NY Slip Op 01579)

Matter of DeLorenzo

2023 NY Slip Op 01579

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

PM-70-23
[*1]In the Matter of Paul Edward DeLorenzo, an Attorney. (Attorney Registration No. 2528123.)

Calendar Date:February 6, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
O'Connell and Aronowitz, Albany (Stephen R. Coffey of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1993 and has been most recently affiliated with the law firm of DeLorenzo, Grasso & Dalmata, LLP (hereinafter DGD) in Schenectady County. Respondent is the subject of a current investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) centering around respondent's unauthorized use of funds maintained in the law firm's escrow accounts and his misappropriation of funds in the firm's operating account. Accordingly, by affidavit sworn to December 1, 2022, respondent has applied for leave to resign from the New York bar while AGC's investigation is pending. The application was previously marked returnable December 27, 2022 but, upon AGC's request, the return date was adjourned to February 6, 2023. AGC now opposes respondent's motion and cross-moves to suspend respondent during the pendency of its investigation and for an order directing respondent to make restitution to the Lawyers' Fund for Client Protection based upon his misappropriation of funds.
An attorney may apply to resign while a disciplinary investigation is pending by application to this Court with "proof of service on [AGC], setting forth the specific nature of the charges or the allegations under investigation" and attesting that the resignation is consented to voluntarily and that he or she cannot successfully defend against the allegations of misconduct (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a]). As relevant here, when allegations against an attorney include willful misappropriation of money in the practice of law, the attorney in question must also "(1) identify the person or persons whose money or property was willfully misappropriated or misapplied; (2) specify the value of such money or property; and (3) consent to the entry of an order requiring the respondent to make monetary restitution pursuant to Judiciary Law [§] 90 (6-a)" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [b]). Here, respondent has failed to provide this specific information in his affidavit. While respondent avers that he no longer has access to identify the ownership of any of the funds regarding DGD's operating account — i.e., the person or persons whose money he has willfully misappropriated — respondent's statements in his affidavit are "insufficient to meet this requirement and fail to convey the appropriate culpability for his actions" (Matter of Meagher, 178 AD3d 1351, 1352 [3d Dept 2019]; see Matter of Hessberg, 166 AD3d 1283, 1283 [3d Dept 2018]). To this point, while respondent signed a settlement agreement with DGD that notes that DGD alleges respondent's intentional misappropriation of funds, this allegation is not addressed in the settlement agreement's list of provisions to which respondent is legally bound, except to the extent that it releases respondent from any potential legal action by DGD concerning said funds.
We further agree with AGC's concern that respondent's [*2]resignation application is an attempt to minimize his misconduct and to avoid any public determination of same. While respondent's statements do "readily admit" his wrongdoing regarding the firm's escrow account, they simultaneously minimize his culpability in the misappropriation of funds from the firm's operating account by noting only briefly that such issue was "resolved" by the mutual exchanges of releases between respondent and DGD. Accordingly, we deny respondent's motion for leave to resign (see Matter of Meagher, 178 AD3d at 1352; Matter of Hessberg, 166 AD3d at 1283).
As to AGC's cross-motion, "[a] respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding . . . upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). As relevant to AGC's cross-motion, a determination that the public interest is immediately threatened may be founded upon "uncontroverted evidence of professional misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [5]). Here, respondent clearly admits to professional misconduct as to the firm's escrow account. Further, "Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) provides that the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension" (Matter of Barry, 198 AD3d 1255, 1258 [3d Dept 2021]). In this case, respondent has not addressed AGC's allegations of misappropriation of funds as to DGD's operating account and instead merely attests that these issues have been resolved based upon the settlement agreement with DGD. As such, given respondent's admission of professional misconduct as to the firm's escrow account and the fact that respondent has failed to respond to AGC's notices directing him to fully address its allegations, we grant AGC's cross-motion (see Matter of Hessberg, 166 AD3d at1284; Matter of DiStefano, 154 AD3d 1055, 1056-1057 [3d Dept 2017]). AGC's remaining request for an order directing respondent to pay restitution has been considered and found to be premature (see Judiciary Law § 90 [6-a]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the motion by respondent is denied; and it is further
ORDERED that the cross-motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State [*3]of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond or to appear for further investigatory and disciplinary proceedings within six months of the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).