Matter of DeLorenzo

2026 NY Slip Op 03354

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Paul Edward DeLorenzo, a Suspended Attorney. (Attorney Registration No. 2528123)

Decided and Entered:May 28, 2026

PM-113-26

Calendar Date: February 23, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia And Mcshan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Paul Edward DeLorenzo, Schenectady, respondent pro se.

[*1]

Per Curiam.

Respondent was admitted to practice by this Court in 1993 and was previously affiliated with a law firm of DeLorenzo, Grasso & Dalmata, LLP (hereinafter DGD) in Schenectady County. Respondent was the subject of an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) centering around his unauthorized use of funds maintained in DGD's escrow accounts. While respondent attempted to resign from the New York bar during AGC's investigation, AGC later cross-moved for his interim suspension. Citing respondent's admissions to professional misconduct as to DGD's escrow account and his failure to address AGC's allegations of misappropriation, we granted AGC's cross-motion in March 2023, suspending respondent from practice on an interim basis (214 AD3d 1253 [3d Dept 2023]). Respondent now moves for his reinstatement, which motion AGC opposes.FN1 Respondent was heard in reply,FN2 while AGC was heard in surreply. Although respondent submitted a supplemental affirmation with exhibit dated March 26, 2026 without our prior approval (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b] [3]), we nonetheless accepted same in an exercise of our discretion.

An attorney seeking reinstatement from a suspension is required to establish, by clear and convincing evidence, that he or she has complied with the order of suspension and the Rules of the Court; that he or she possesses the requisite character and fitness to practice law; and that it would be in the public interest to reinstate him or her to the practice of law (see Matter of Del Boccio, 241 AD3d 1615, 1616 [3d Dept 2025]). Here, we conclude that respondent has not satisfied his burden in demonstrating, by clear and convincing evidence, that he has complied with our Rules concerning suspended attorneys and with the order of suspension itself (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix B; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b] [5] [i]); nor has he established that he possesses the requisite character and fitness to resume the practice of law in New York (compare Matter of Matthews, 187 AD3d 1482, 1484 [3d Dept 2020]) or that it would be in the public interest to reinstate him to the practice of law (see e.g. Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]). In addition to respondent's failure to articulate his plans to resume the practice of law if reinstated, we are concerned by his instant submissions, which make no attempt to address the specific findings we made in determining that his interim suspension was warranted, including addressing his "admission of professional misconduct as to the firm's escrow account" (214 AD3d at 1254). Accordingly, we deny his motion for reinstatement.

While we deny respondent's motion on substantive grounds, we note that AGC has also raised procedural objections to respondent's motion and we therefore take the opportunity to clarify [*2]the procedural requirements applicable to any future application for reinstatement by respondent, as well as to any applications for reinstatement by those attorneys who have been suspended on an interim basis by this Court pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a). To that end, since 2016, this Court's Rules have always provided that the term of the order of suspension controls the applicable reinstatement procedures (see generally Matter of Jing Tan, 164 AD3d 1515, 1517-1518 [3d Dept 2018]). Specifically, an attorney who has been suspended for more than six months pursuant to the terms of the order of suspension must, among other requirements, utilize the "long-form" affidavit and submit proof of his or her successful passage of the Multistate Professional Responsibility Exam (hereinafter MPRE) in making his or her application for reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [2]). Conversely, an attorney who has been suspended for a fixed term of six months or less pursuant to the terms of the order of suspension may avail himself or herself of an abbreviated "short-form" affidavit (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [d]; part 1240, appendix D; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [b] [2]) regardless of the actual duration of that suspension.

Additionally, our dispositional alternatives concerning short-term suspensions are considerably more limited, with the applicable Rules not authorizing us to refer the matter to this Court's Character and Fitness Committees for hearing and report, or to place additional testing requirements on the attorney as a threshold to his or her potential reinstatement. Rather, upon hearing from AGC and the Lawyers' Fund for Client Protection, we may only deny the motion altogether or "issue an order reinstating the respondent," provided that he or she has met the substantive requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (a) (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [d]).

Conversely, where, as here (214 AD3d at 1255), an attorney is suspended indefinitely on an interim basis during the course of AGC's investigation, the applicable Rules do not explicitly chart a procedural course to reinstatement. Indeed, the nature of an interim suspension — which serves to protect the public from "conduct immediately threatening the public interest" — does not well lend itself to measurement by a set term, and the interim suspension may persist, as here, for many years before the attorney moves for reinstatement (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). Nonetheless, we are persuaded by the fact that our existing Rule regime for suspensions of a specific term "reflect[s] a considered policy determination that takes into account the individual attorney's time away from practice and the effect [*3]that such a separation may have upon the attorney's proficiency and familiarity with current legal and ethical principles" (Matter of Jing Tan, 164 AD3d at 1518; see Matter of Bruhn, 206 AD3d 1225, 1226 [3d Dept 2022]). We see no reason to depart from that sound and bright line rationale where interim suspensions are concerned, and therefore now hold that the procedures applicable to reinstatement from interim suspension shall be guided by the actual duration of the suspension at the time that the application for reinstatement is made.FN3 Accordingly, inasmuch as respondent has now been actually suspended for more than six months, any future application he makes for reinstatement shall be made in accordance with the procedures set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b), specifically through his submission of the 38-paragraph form affidavit set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C, as well as through proof that he has successfully passed the MPRE no more than one year prior to the date his application for reinstatement is filed with the Court (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [2]).

Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.

ORDERED that respondent's motion for reinstatement is denied.

Footnotes

Footnote 1

We deny respondent's request to decline to consider AGC's opposition based on its service of its opposition papers upon respondent via email.

Footnote 2

Prior to AGC's opposition being filed, respondent submitted a supplemental affirmation dated February 11, 2026 with exhibits.

Footnote 3

While the "actual duration" rule of Matter of Jing Tan (supra) may have previously extended to certain term suspensions that had extended well beyond the set term (see e.g. Matter of Edelstein, 203 AD3d 1378, 1379 [3d Dept 2022]), our Rules no longer permit the application of Jing Tan to that circumstance (see Matter of Fisher, 233 AD3d 1347, 1348 n [3d Dept 2024]). We also parenthetically note that applications for reinstatement from suspensions arising from an attorney's failure to abide by statutory registration requirements (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD3d 1498 [3d Dept 2024]), are governed by separate Rules not at issue in this matter (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]).