Matter of Carey
2026 NY Slip Op 03501
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gerard Martin Carey Jr., a Suspended Attorney. (Attorney Registration No. 1744333.)

Decided and Entered:June 4, 2026
PM-120-26
Calendar Date: May 18, 2026
Before: Clark, J.P., Aarons, Mcshan, Powers And Corcoran, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

[*1]
Per Curiam.
Respondent was admitted to practice by the Second Judicial Department in 1981 and maintains a business address in the City of Kingston, Ulster County (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). By October 2023 order of this Court, respondent was suspended from practice for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations (220 AD3d 1012, 1014 [3d Dept 2023]). Respondent remains so suspended and is now also delinquent for the two most recent biennial registration periods. In February 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received a complaint of misconduct against respondent arising out of his failure to communicate with a client respecting the client's criminal matter. Based on respondent's failure to comply with its demands for information and records, as well as evidence uncovered during the course of its investigation, AGC now moves to suspend respondent during the pendency of its investigation (see Rules of Prof Conduct [22 NYCRR] § 1240.9 [a] [3], [5]). Respondent has not supplied a response to the motion to date.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), "[a] respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding . . . upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest." Such a finding may be premised upon "the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]) or upon "uncontroverted evidence of professional misconduct" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [5]).
Here, following respondent's initial failure to respond to the complaint upon AGC's directives, respondent was directed to appear for an examination under oath and to produce certain records. Respondent did appear for an examination under oath, during which he admitted that his attorney escrow account had remained open during the period of his suspension from the practice of law. Based on these responses and certain records provided after his examination under oath, AGC directed respondent to provide additional records related to, among other things, his attorney escrow account so it could conduct an audit of that account (see Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.15 [d] [1]; [i]). After respondent failed to respond to AGC's repeated requests, AGC served a judicial subpoena duces tecum to compel respondent's bank to produce the records for respondent's attorney escrow account. Those records revealed that funds remained in respondent's escrow account.
Accordingly, we find that respondent's testimony, records provided by respondent and the subpoenaed bank records constitute uncontroverted evidence that respondent [*2]maintained funds in his escrow account belonging to an unknown number of clients after the commencement of his suspension in October 2023 (see Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.15 [c]).FN1 Further, despite respondent's initial compliance with AGC's investigation and his appearance for an examination under oath (see Matter of Figueroa, 241 AD3d 1670, 1671 [3d Dept 2025]; Matter of Wells, 241 AD3d 1619, 1619 [3d Dept 2025]), respondent failed to comply with AGC's additional requests for information and records(Matter of Brown, 232 AD3d 981, 982 [3d Dept 2024]), thus requiring AGC to serve respondent's bank with a judicial subpoena duces tecum to obtain the relevant bank records. Even though AGC was able to obtain respondent's bank records through its independent investigation, it is still unknown to whom the funds contained in respondent's attorney escrow account belong. As such, given the uncontroverted evidence of respondent's professional misconduct respecting the maintenance of his attorney escrow account and his failure to respond to AGC's lawful demands for information and records, we conclude that respondent has engaged in conduct that immediately threatens the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] 1240.9 [a]). Accordingly, we grant AGC's motion and suspend respondent during the pendency of AGC's investigation and until further order of this Court (see Matter of Wells, 241 AD3d at 1622; Matter of DeLorenzo, 214 AD3d 1253, 1254-1255 [3d Dept 2023]). In taking this action, we remind respondent of his affirmative and ongoing obligation to respond or appear for further investigatory or disciplinary proceedings, and note that his failure to do so within six months of this order may result in his disbarment without further notice (see Matter of Fischer, 239 AD3d 1229, 1232 [3d Dept 2025]).
Clark, J.P., Aarons, McShan, Powers and Corcoran, JJ., concur.
ORDERED that the motion by the Attorney Grievance for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another, and respondent is hereby forbidden to appear as an attorney or counsel-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall [*3]duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond or to appear for further investigatory and disciplinary proceedings within six months of the date of this decision may result in his disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]).

Footnotes

Footnote 1
With regard to AGC's assertion that respondent's conduct amounted to a violation of Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.15 (e), we note that, although it is plausible to conclude that a suspended attorney should not be able to act as signatory to an attorney trust account (see Simon's New York Rules of Professional Conduct Annotated, rule 1.15:58 [2024]), we decline to enter a finding of misconduct within the context of this interim suspension proceeding based solely upon the fact that respondent remains the primary account holder of his attorney escrow account.