Matter of Wells
2026 NY Slip Op 04031
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kimberly Marie Wells, a Suspended Attorney. (Attorney Registration No. 4291472)

Decided and Entered:June 25, 2026
PM-134-26
Calendar Date: June 1, 2026
Before: Garry, P.J., Aarons, Mcshan, Mackey And Ryba, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott M. Bush of counsel), for respondent.

[*1]
Per Curiam.
Respondent was admitted to practice by this Court in 2005 and previously listed a business address in the City of Glens Falls, Warren County. In April 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received a complaint of professional misconduct concerning respondent's alleged neglect of an estate matter, and AGC thereafter sought various records concerning the representation. While respondent initially complied with AGC's request, she failed to respond to subsequent inquiries and was accordingly directed to appear for an examination under oath, wherein AGC alleged that respondent made admissions indicating that she had engaged in professional misconduct. Following the examination under oath, AGC directed respondent to submit additional records and information concerning both the client complaint and other statements made by respondent at the examination, but she failed to respond. Citing her failure to respond to its lawful demands, the admissions made during the examination under oath and other uncontroverted evidence of professional misconduct, AGC moved to suspend respondent on an interim basis (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [2], [3], [5]). We later issued a confidential order on June 10, 2025, wherein we adjourned AGC's motion and directed respondent to comply with certain specific investigative requests by AGC within 60 days. AGC later advised that respondent had failed to comply with our confidential order; thus, we granted AGC's motion and suspended respondent on an interim basis (see 241 AD3d 1619 [3d Dept 2025]). Respondent now moves for her reinstatement, which motion AGC initially sought to adjourn, citing the Committee's completed investigation and anticipated disposition of the underlying complaint of professional misconduct against her. AGC's request was granted, and AGC now advises that it does not oppose respondent's motion.
Regardless of the basis of the suspension, all attorneys seeking reinstatement from a suspension must satisfy, by clear and convincing evidence, a three-part substantive test in order to establish their entitlement to relief (see Matter of Rain, 248 AD3d 1656, 1657 [3d Dept 2026]), as well as certain procedural requirements, which vary based on the nature and duration of the suspension (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of 3d Dept [22 NYCRR] § 806.16). As respondent was suspended on an interim basis, the procedures attendant to her reinstatement "shall be guided by the actual duration of the suspension at the time that the application for reinstatement is made" (Matter of DeLorenzo, ___ AD3d ____, ____, 2026 NY Slip Op 03354, *2 [3d Dept 2026]; see Matter of Jing Tan, 164 AD3d 1515, 1517-1518 [3d Dept 2018]). To that end, respondent has met the procedural requirements attendant to reinstatement, inasmuch as she appropriately utilized the "short-form" affidavit (see Rules for Atty Disciplinary Matters[*2][22 NYCRR] part 1240, appendix D; see also Rules of 3d Dept [22 NYCRR] § 806.16 [b] [2]), given that she moved for reinstatement less than six months after our suspension order was issued.FN1
Turning to the substantive analysis of respondent's motion for reinstatement, an attorney seeking reinstatement must demonstrate that (1) he or she has complied with the order of suspension and all of the applicable Court rules; (2) he or she possesses the requisite character and fitness to practice law; and (3) that it would be in the public interest to reinstate him or her to the practice of law (see Matter of Brammer, 233 AD3d 1341, 1341-1342 [3d Dept 2024]). As to the first requirement, we find that respondent has demonstrated her compliance with our Rules and the order of suspension. Specifically, respondent acknowledges that she was suspended by September 2025 order of this Court, and the record indicates that she has refrained from the practice of law since the suspension order was issued. Respondent's affidavit of compliance filed with the Court following her suspension further indicates that she properly notified clients and other impacted parties of her suspension, among other requirements (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [b], [c], [d]).
Most significantly, our order suspending respondent cautioned her that her failure to comply with AGC's investigation within six months could result in her disbarment. To that end, following her suspension, respondent complied with AGC's requests for information, and AGC confirms that her cooperation has enabled it to complete its investigation and close the matter, thereby resolving our prior conclusions that her testimony at the examination under oath, as well as the documents related to the estate matter, constituted both admissions under oath and uncontroverted evidence of her professional misconduct (compare Matter of DeLorenzo, ___ AD3d at ____, 2026 NY Slip Op 03354, *2).
As to her character and fitness and the public's interest in her reinstatement, respondent discloses a number of personal issues that contributed to her conduct and the steps she has taken to address these issues. Respondent details that, following her suspension, she entered into an agreement with the New York State Bar Association's Lawyers' Assistance Program (hereinafter LAP), and similarly details various volunteering and charitable endeavors she has become involved with since her suspension. Overall, the record indicates that respondent has demonstrated that the issues she cites as contributing to her suspension are being addressed, through multiple avenues, and her efforts in this regard have provided her with a support system that she can rely on. Most significantly, respondent expresses her remorse for her conduct and acknowledges her professional responsibilities, particularly in complying with the directives of courts and AGC, and likewise indicates that, if reinstated, she plans to reopen her law practice[*3], but limit the number of cases she takes so she can more efficiently and effectively manage her caseload. Accordingly, we conclude that respondent has satisfied her burden in seeking reinstatement (compare Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017], with Matter of Cammarano, 240 AD3d 1155, 1157-1158 [3d Dept 2025]), thus, we grant her motion. However, in an effort to ensure that respondent satisfactorily completes the LAP agreement, we direct respondent to provide to both the Court and AGC proof of her successful completion of the LAP agreement within 30 days of same (see e.g. Matter of Paragano, 224 AD3d 984, 985 [3d Dept 2024]).
Garry, P.J., Aarons, McShan, Mackey and Ryba, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be subject to the conditions set forth in this decision.

Footnotes

Footnote 1
As respondent has not been suspended "for an actual duration of more than one year," she was not required to complete any of the continuing legal education (hereinafter CLE) requirements set forth in Rules of the Appellate Division, Third Judicial Department (22 NYCRR) § 806.16 (b) (5), although we note that the more than 18 CLE credits she earned since her suspension will likely assist her in satisfying her CLE obligations in New York (see Rules of App Div, All Depts [22 NYCRR] § 1500.22).